# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2026** 00158

E-Filing Number: 2602001286

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MARTINA HARLEY-MOORE | UBER TECHNOLOGIES, INC. |
| **PLAINTIFF'S ADDRESS** 152 WEST ASHDALE STREET PHILADELPHIA PA 19120 | **DEFENDANT'S ADDRESS** 1515 3RD STREET SAN FRANCISCO CA 94158 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** RASIER-PA, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 600 NORTH 2ND ST, SUITE 401 HARRISBURG PA 17101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** PAATA KHELAIA |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 320 OCEAN PARKWAY #D7 BROOKLYN NY 11218 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>[X] Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☐ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**
FEB **02** 2026
**L. BREWINGTON**

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARTINA HARLEY-MOORE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ALEXANDER C. HYDER | 2005 MARKET STREET SUITE 350 PHILADELPHIA PA 19103 |
| **PHONE NUMBER** (267)780-2985 **FAX NUMBER** (267)780-2920 | |
| **SUPREME COURT IDENTIFICATION NO.** 320939 | **E-MAIL ADDRESS** ahyder@forthepeople.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** *ALEXANDER HYDER* | **DATE SUBMITTED** Monday, February 02, 2026, 11:37 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939
Luke Bradt, Esquire # 335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 18243729

Filed and Attested by the Office of Judicial Records 02 FEB 2026 11:47 am A. BREWINGTON

*Attorneys for Plaintiff*

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>____________ **TERM, 2026**<br><br>**No.:** __________________<br><br>**MAJOR JURY MATTER** |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-1701

AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.

ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A

| | |
|---|---|
| | PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>1101 Market Street, 11th Floor<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701 |

# CIVIL ACTION COMPLAINT

1. The Plaintiff herein is Martina Harley-Moore (hereinafter "Plaintiff"), an adult individual, who currently resides at the above-captioned address.

2. The Defendant herein is Uber Technologies, Inc. (hereinafter "Defendant Uber"), an organized and existing business entity having a principal place of business at the above-captioned address.

3. At all times relevant hereto, Defendant Uber is registered to do business in the Commonwealth of Pennsylvania, and regularly does business in Pennsylvania, including Philadelphia County, such that this Honorable Court has jurisdiction.

4. The Defendant herein is Rasier-PA LLC (hereinafter "Defendant Rasier"), an organized and existing business entity incorporated in Delaware and has a registered agent for service in the Commonwealth of Pennsylvania at the above-captioned address.

5. At all times relevant hereto, Defendant Rasier is registered to do business in the Commonwealth of Pennsylvania, and regularly does business in Pennsylvania, including Philadelphia County, such that this Honorable Court has jurisdiction.

6. Defendant Rasier is an alter ego and wholly owned subsidiary of Uber, established to handle Uber's affairs through the Commonwealth of Pennsylvania.

7. The Defendant herein is Paata Khelaia (hereinafter "Defendant Khelaia"), an adult individual, who currently resides at the above-captioned address.

8. At all times relevant hereto, Defendant Khelaia was acting within the course and

scope of their employment with Defendants Uber and Rasier as an employee, servant, workman, agent, and/or ostensible agent, in the furtherance of the business interests and objectives of Defendants Uber and Rasier, and with the actual and/or implied authority of Defendants Uber and Rasier.

9. At all relevant times, Defendants Uber and Rasier acted and/or failed to act through its employees, agents, workers, servants, alter-egos, subsidiaries, and contractors, including but not limited to Defendant Khelaia, each and all of whom were acting within the scope of authority.

10. At all relevant times, Defendants Ali, Uber, and Rasier were the employees, agents, brokers, servants, alter-egos, and/or instrumentalities of one another and acted and/or failed to act through their employees, agents, ostensible agents, brokers, servants, alter-egos, and or instrumentalities, each and all of whom were working within the scope of their authority.

11. At all times relevant hereto, Defendant Khelaia was the operator of a rideshare vehicle which they operated during the course and scope of their employment with Defendants Uber and Rasier, in the furtherance of the business interests and objectives of Defendants Uber and Rasier, and with the actual and/or implied authority of Defendants Uber and Rasier.

12. At all times relevant hereto, Plaintiff was a passenger of the aforementioned rideshare vehicle operated by Defendant Khelaia.

13. On or about August 10, 2025, at approximately 10:27 p.m., Defendant Khelaia, with Plaintiff as a passenger, was travelling northbound on Shisler Street in Philadelphia, Pennsylvania, and proceeded through the intersection with Benner Street without the proper clearance or right-of-way and struck another vehicle, thereby causing Plaintiff's personal injuries as more fully hereinafter described.

16. As a direct and proximate result of the negligence of Defendants herein, Plaintiff

was caused to sustain serious and permanent injuries including, but not limited to, right shoulder tear, neck pain, and bilateral shoulder pain, some or all of which are permanent in nature and may last into the future.

17. As a direct and proximate result of the aforementioned injuries sustained due to the negligence, carelessness, and recklessness of the Defendants herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

18. As a further result of her injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

19. As a further result of her injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services, which are not covered by or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

20. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

21. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

**COUNT I**
**MARTINA HARLEY-MOORE vs. PAATA KHELAIA**

22. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

23. Defendant Khelaia while acting within the course and scope of their employment or agency with Defendants Uber and Rasier, did so negligently, carelessly, and/or recklessly operate their vehicle in one or more of the following ways:

a. Failing to have said motor vehicle under proper and adequate control;

b. Failing to pay proper attention while operating said motor vehicle;

c. Failing to take proper precautions while operating said motor vehicle;

d. Failing to come to a complete stop at a clear and unobstructed stop sign;

e. Entering an intersection without the proper clearance or right-of-way;

f. Failing to yield to vehicles with the right-of-way;

g. Failing to remain alert;

h. Operating said motor vehicle improperly under the circumstances;

i. Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

j. Failing to give proper and sufficient warning of the approach of said vehicle;

k. Failing to operate said vehicle with due care and regard to the rights, safety, and position of the Plaintiff;

l. Operating said vehicle with knowledge the Plaintiff was in danger of being injured;

m. Otherwise failing to exercise due care under the circumstances; and

n. Such other liability producing conduct as discovery shall disclose.

24. As a result of the negligence, carelessness, and recklessness of said Defendant, Plaintiff was caused to suffer various severe physical injuries as more fully hereinbefore described.

25. The accident herein was in no way due to any act or failure to act on the part of Plaintiff.

**WHEREFORE**, the Plaintiff hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants, in an amount in excess of the jurisdictional threshold, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**MARTINA HARLEY-MOORE vs. UBER TECHNOLOGIES, INC. and RASIER-PA, LLC**

26. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

27. The collision resulted solely from the negligence, carelessness, and recklessness of Defendants Uber and Rasier, by their workman, agent, servant, employee and/or permissive user was in no way due to the act or failure to act on the part of the Plaintiff.

28. The negligence, carelessness, and recklessness of Defendants Uber and Rasier, by their workman, agent, servant and/or employee consisted of the following:

a. Failing to properly supervise Defendant Khelaia;

b. Failing to take reasonable precautions to see that Defendant Khelaia gave proper and sufficient warning of the movement of said vehicle;

c. Failing to take reasonable precautions to see that Defendant Khelaia kept a proper lookout for the position of other vehicles, including Defendant Richards;

d. Permitting Defendant Khelaia to continue to operate said automobile despite notice and knowledge of Defendant Khelaia's unsafe driving practices and poor driving record;

e. Failing to take reasonable precautions to see that Defendant Khelaia operated said vehicle with due care and regard to the rights, safety, and position of the Plaintiff;

f. Failing to take reasonable precautions to see that Defendant Khelaia operated said vehicle in accordance with appropriate procedure, practice and applicable law having knowledge that individuals, specifically the Plaintiff, were in danger of being injured;

g. Failing to take reasonable precautions to see that Defendant Khelaia did not operate said vehicle negligently under the laws of the Commonwealth of Pennsylvania;

h. Otherwise failing to exercise due care under the circumstances;

i. Liability by virtue of the Doctrine of Respondent Superior; and

j. Such other liability producing conduct as discovery shall disclose.

29. As a result of the negligence, carelessness, and recklessness of the said Defendants, Plaintiff was caused to suffer various severe physical and emotional injuries as more fully hereinbefore described.

**WHEREFORE**, the Plaintiff hereby seeks all damages allowed under the laws of the

Commonwealth of Pennsylvania, including punitive damages from the Defendants, in an amount in excess of the jurisdictional threshold, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
***RESPONDEAT SUPERIOR*, VICARIOUS LIABILITY, AND AGENCY**
**MARTINA HARLEY-MOORE vs. UBER TECHNOLOGIES, INC. and RASIER-PA, LLC**

30. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

31. At all relevant times, Defendant Khelaia was an employee, agent, ostensible agent, worker, servant, alter-ego, and/or contractor of Defendants Uber and Rasier and was acting within the scope of authority and employment in the furtherance of Uber's and Rasier's business.

32. Defendants Uber and Rasier's negligence, carelessness, and recklessness, by and through Defendant Khelaia, consisted of the following:

a. Failing to have said motor vehicle under proper and adequate control;

b. Failing to pay proper attention while operating said motor vehicle;

c. Failing to take proper precautions while operating said motor vehicle;

d. Failing to come to a complete stop at a clear and unobstructed stop sign;

e. Entering an intersection without the proper clearance or right-of-way;

f. Failing to yield to vehicles with the right-of-way;

g. Failing to remain alert;

h. Operating said motor vehicle improperly under the circumstances;

i. Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

j. Failing to give proper and sufficient warning of the approach of said

vehicle;

k. Failing to operate said vehicle with due care and regard to the rights, safety, and position of the Plaintiff;

l. Operating said vehicle with knowledge the Plaintiff was in danger of being injured;

m. Otherwise failing to exercise due care under the circumstances; and

n. Such other liability producing conduct as discovery shall disclose.

33. At all times relevant hereto, Defendants Uber and Rasier permitted and/or failed to prevent Defendant Khelaia from negligently, carelessly, and recklessly operating a ride sharing vehicle.

34. The accident herein was in no way due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, the Plaintiff hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants, in an amount in excess of the jurisdictional threshold, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

**MORGAN & MORGAN**
**PHILADELPHIA PLLC**

BY: ______________________
Alexander C. Hyder, Esquire
Luke Bradt, Esquire
*Trial Counsel for Plaintiff*

DATE: 02/02/2026

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939
Luke Bradt, Esquire # 335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 18243729
*Attorneys for Plaintiff*

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>____________ **TERM, 2026**<br><br>**No.:** __________________<br><br>**MAJOR JURY MATTER** |

**NOTICE OF PRESERVATION OF EVIDENCE**

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT

MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

**MORGAN & MORGAN**
**PHILADELPHIA PLLC**

BY: ______________________

Alexander C. Hyder, Esquire
Luke Bradt, Esquire
*Trial Counsel for Plaintiff*

DATE: 02/02/2026

**VERIFICATION**

I, MARTINA HARLEY-MOORE, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Martina Moore

DATE: 02/02/2026

RECEIVED

2026 FEB 10 AM 10: 22

DAU[illegible] COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Elyse N. Cohen |
| **To:** | Alexander Hyder; Ashlee Russell; john.silli@farmersinsurance.com |
| **Cc:** | Maria Dias; Marissa E. Hill; Ahmad Awadalla |
| **Subject:** | Martina Harley-Moore v. Uber Technologies, Inc. |
| **Date:** | Monday, March 9, 2026 4:31:54 PM |
| **Attachments:** | 2026.03.09. Harley-Moore. Stipulation Re Damages(35636216.2).docx |

Good afternoon Alex,

Please see the attached stipulation regarding Plaintiff's alleged damages in this case. Please let me know if you will sign the stipulation.

Thanks,
Elyse

**Elyse N. Cohen, Partner**

Weber Gallagher
700 American Ave, Suite 206
King of Prussia, PA 19406
T: 610.239.2327 | M: 856.313.1185 | F: 267.284.4337
elyse.cohen@wglaw.com | www.wglaw.com

Confidentiality Note: The information contained in this electronic message may contain attorney-client privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient of this email message you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the sender by return email; and by telephone at 610.239.2327.

Weber Gallagher Simpson Stapleton Fires & Newby LLP

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY, LLP**
BY: Elyse N. Cohen, Esquire
Ahmad Awadalla, Esquire
Marissa E. Hill, Esquire
Attorney ID No.: 320787/ 329596/ 333138
2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: 610-239-2327 F: 215-564-7699
E-Mail: Elyse.Cohen @wglaw.com
Ahmad.Awadalla@wglaw.com
Marissa.Hill@wglaw.com

***Attorneys for Defendants:***
***Uber Technologies, Inc. and***
***Rasier-PA, LLC***

| | |
|---|---|
| MARTINA HARLEY-MOORE,<br><br>Plaintiff,<br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER-PA, LLC and PAATA KHELAIA,<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2026<br><br>CIVIL ACTION NO.: 00158 |

## STIPULATION

AND NOW, this _____ day of March, 2026, it is hereby stipulated and agreed by and between counsel for the plaintiff and undersigned counsel for defendants that the total damages recoverable in this matter do not exceed the sum of $75,000.00, exclusive of interests and costs.

**MORGAN & MORGAN**

By: ______________________________
Alexander C. Hyder, Esquire
*Attorneys for Plaintiff*

Dated: ________________

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

By: ____________________________
Elyse N. Cohen, Esquire
*Attorneys for Defendants, Uber Technologies, Inc. and Rasier-PA, LLC*

Dated: __________________

**LAW OFFICES OF JESSICA ADAMS**

By: ________________________________
John P. Silli, Esquire
*Attorneys for Defendant,*
*Paata Khelaia*

Date: ______________________

# EXHIBIT "C"

The Philadelphia Courts
Civil Docket Access

No Items in Cart LOGOUT ecohen2

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 260200158 |
| **Case Caption:** | HARLEY-MOORE VS UBER TECHNOLOGIES, INC. ETAL |
| **Filing Date:** | Monday , February 02nd, 2026 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | MOTOR VEHICLE ACCIDENT |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| PRELIMINARY OBJECTIONS | *pending* | 26030875 | 03-MAR-2026 | BRIGHT, GWENDOLYN N |

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | HYDER, ALEXANDER C |
| **Address:** | 2005 MARKET STREET<br>SUITE 350<br>PHILADELPHIA PA 19103<br>(267)780-2985<br>ahyder@forthepeople.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | HARLEY-MOORE, MARTINA |

| | | | | |
|---|---|---|---|---|
| **Address:** | 152 WEST ASHDALE STREET<br>PHILADELPHIA PA 19120 | **Aliases:** | *none* | |
| | | | | |
| 3 | 10 | | DEFENDANT | UBER TECHNOLOGIES INC |
| **Address:** | 1515 3RD STREET<br>SAN FRANCISCO CA 94158 | **Aliases:** | *none* | |
| | | | | |
| 4 | 10 | | DEFENDANT | RASIER-PA LLC |
| **Address:** | 600 NORTH 2ND ST, SUITE 401<br>HARRISBURG PA 17101 | **Aliases:** | *none* | |
| | | | | |
| 5 | 8 | | DEFENDANT | KHELAIA, PAATA |
| **Address:** | 320 OCEAN PARKWAY #D7<br>BROOKLYN NY 11218 | **Aliases:** | *none* | |
| | | | | |
| 6 | 1 | | ATTORNEY FOR PLAINTIFF | BRADT, LUKE D |
| **Address:** | 2005 MARKET ST, STE 350<br>PHILADELPHIA PA 19103<br>(445)201-8568<br>luke.bradt@forthepeople.com | **Aliases:** | *none* | |
| | | | | |
| 7 | | | TEAM LEADER | BRIGHT, GWENDOLYN N |
| **Address:** | 1206 STOUT CENTER FOR C.J.<br>1301 FILBERT ST.<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 8 | | | ATTORNEY FOR DEFENDANT | SILLI, JOHN P |
| **Address:** | P.O. BOX 258829<br>OKLAHOMA CITY OK 73125<br>(610)308-3045<br>john.silli@farmersinsurance.com | **Aliases:** | *none* | |
| | | | | |
| 9 | | | ATTORNEY FOR DEFENDANT | COHEN, ELYSE N |
| **Address:** | WEBER GALLAGHER<br>700 AMERICAN AVE | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | SUITE 206<br>KING OF PRUSSIA PA 19406<br>(610)239-2327<br>ELYSE.COHEN@WGLAW.COM | | | |
| | | | | |
| 10 | | | ATTORNEY FOR DEFENDANT | AWADALLA, AHMAD |
| **Address:** | 2000 MARKET STREET<br>SUITE 1300<br>PHILADELPHIA PA 19103<br>(215)546-4597<br>ahmad.awadalla@wglaw.com | **Aliases:** | *none* | |
| | | | | |
| 11 | 10 | | ATTORNEY FOR DEFENDANT | HILL, MARISSA E |
| **Address:** | WEBER GALLAGHER<br>2000 MARKET STREET, SUITE 1300<br>PHILADELPHIA PA 19103<br>(215)717-0139<br>marissa.hill@wglaw.com | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 02-FEB-2026 11:37 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2602001286 | | |
| | | | |
| 02-FEB-2026 11:37 AM | COMMENCEMENT CIVIL ACTION JURY | HYDER, ALEXANDER C | |
| **Documents:** | Final Cover | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 02-FEB-2026 11:37 AM | COMPLAINT FILED NOTICE GIVEN | HYDER, ALEXANDER C | |
| **Documents:** | PA MVA Complaint - Martina Moore.pdf | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |

| | | | |
|---|---|---|---|
| 02-FEB-2026 11:37 AM | JURY TRIAL PERFECTED | HYDER, ALEXANDER C | |
| **Docket Entry:** | 8 JURORS REQUESTED. | | |
| | | | |
| 02-FEB-2026 11:37 AM | WAITING TO LIST CASE MGMT CONF | HYDER, ALEXANDER C | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 23-FEB-2026 10:46 AM | ENTRY OF APPEARANCE | SILLI, JOHN P | |
| **Documents:** | Khelaia-Entry of Appearance and Jury Demand.pdf | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF JOHN P SILLI FILED. (FILED ON BEHALF OF PAATA KHELAIA) | | |
| | | | |
| 23-FEB-2026 10:46 AM | JURY TRIAL PERFECTED | SILLI, JOHN P | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 02-MAR-2026 04:41 PM | PRELIMINARY OBJECTIONS | SILLI, JOHN P | |
| **Documents:** | Khelaia-Prelim Object (complete).pdf | | |
| **Docket Entry:** | 75-26030875 PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT FILED. RESPONSE DATE: 03/23/2026 (FILED ON BEHALF OF PAATA KHELAIA) | | |
| | | | |
| 03-MAR-2026 06:05 PM | ENTRY OF APPEARANCE | COHEN, ELYSE N | |
| **Documents:** | Harley-Moore - EOA of ENC AA and MEH.pdf | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MARISSA E HILL, AHMAD AWADALLA AND ELYSE N COHEN FILED. (FILED ON BEHALF OF RASIER-PA LLC AND UBER TECHNOLOGIES INC) | | |
| | | | |
| 03-MAR-2026 06:06 PM | ANSWER TO COMPLAINT FILED | COHEN, ELYSE N | |
| **Documents:** | Harley-Moore - Answer with NM of UTI and Rasier.pdf | | |
| **Docket Entry:** | ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF RASIER-PA LLC AND UBER TECHNOLOGIES INC) | | |
| | | | |

| | | | |
|---|---|---|---|
| 05-MAR-2026 11:40 AM | ANSWER TO PRELIMINARY OBJCTNS | HYDER, ALEXANDER C | |
| **Documents:** | Plt Resp to POs re recklessness - Harley-Moore - 3.4.2026.pdf | | |
| **Docket Entry:** | 75-26030875 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF MARTINA HARLEY-MOORE) | | |
| | | | |
| 10-MAR-2026 01:55 PM | PRAECIPE-ATTACH VERIFICATION | COHEN, ELYSE N | |
| **Documents:** | Harley-Moore - Praecipe to Substitute Verification.pdf | | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH VERIFICATION FILED. (FILED ON BEHALF OF RASIER-PA LLC AND UBER TECHNOLOGIES INC) | | |

Case Description Related Cases Event Schedule Case Parties Docket Entries

E-Filing System Search Home

Filed and Attested by the
Office of Judicial Records
23 FEB 2026 10:46 am
B. BALILONIS

**Law Offices of Jessica Adams**
**By: John P. Silli, Esquire**
**Email: john.silli@farmersinsurance.com**
**Attorney I.D. No.: 204907**
**PO Box 258829**
**Oklahoma City, OK 73125**
**610-382-8100**

**Attorney for Defendant**
**Paata Khelaia**

| | | |
|---|---|---|
| **MARTINA HARLEY-MOORE** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA** |
| **Plaintiff(s),** | : | |
| **v.** | : | |
| **PAATA KHELAIA, UBER TECHNOLOGIES, INC AND RASIER-PA, LLC** | : | |
| **Defendant(s).** | : | **NO. 260200158** |

**ENTRY OF APPEARANCE AND JURY DEMAND**

**TO THE PROTHONOTARY**

Kindly enter my appearance on behalf of Defendant, Paata Khelaia in the above captioned matter. Defendant demands a trial by jury consisting of twelve (12) jurors.

LAW OFFICES OF JESSICA ADAMS

[signature]

By: John P. Silli, Esquire
Attorney for Defendant Paata Khelaia

Filed and Attested by the
Office of Judicial Records
02 MAR 2026 04:41 pm
B. MERCEDES

| | | |
|---|---|---|
| **MARTINA HARLEY-MOORE**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PAATA KHELAIA, UBER TECHNOLOGIES, INC AND RASIER-PA, LLC**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br><br><br><br><br><br>**NO. 260200158** |

**<u>O R D E R</u>**

AND NOW, this______day of __________________, 2026 it is hereby ORDERED and DECREED that Defendant, Paata Khelaia's Preliminary Objections to Plaintiff's Complaint are SUSTAINED and all allegations of reckless conduct and claims for punitive damages contained in Plaintiff's Complaint are Dismissed with Prejudice.

BY THE COURT:

_________________________________
J.

TO: Plaintiff
You are hereby notified to
plead to the enclosed Preliminary Objections
within twenty (20) days from service hereof.

**Law Offices of Jessica Adams**
**By: John P. Silli, Esquire**
**Email: john.silli@farmersinsurance.com**
**Attorney I.D. No.: 204907**
**PO Box 258829**
**Oklahoma City, OK 73125**
**610-382-8100**

**Attorney for Defendant,**
**Paata Khelaia**

| | | |
|---|---|---|
| **MARTINA HARLEY-MOORE** | : | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **PAATA KHELAIA, UBER TECHNOLOGIES, INC AND RASIER-PA, LLC** | : | |
| **Defendant.** | : | **NO. 260200158** |

**PRELIMINARY OBJECTIONS**
**OF DEFENDANT PAATA KHELAIA TO PLAINTIFF'S COMPLAINT**

Defendant, Paata Khelaia, by and through his attorneys, Law Offices of Jessica Adams, hereby preliminarily objects to the Complaint of Plaintiff, Martina Harley-Moore, as follows:

1. A Complaint was filed on 2/2/26. (A copy of a Complaint is attached hereto and marked as Exhibit "A".)

2. Reckless conduct is alleged throughout the Complaint.

3. The Complaint makes bald and conclusory allegations designed to create a claim for punitive damages.

4. Pennsylvania Rule of Civil Procedure No. 1019(a) requires that a Complaint formulate the issues by fully summarizing facts essential to support a claim.

5. To support a claim for punitive damages, plaintiff must allege specific facts demonstrating that the defendant's conduct was outrageous, and not just assert certain boilerplate allegations of bad motive, reckless indifference or disregard.

6. Plaintiff's Complaint alleges only conclusory language in the nature of bad motive and/or reckless indifference, with no factual support giving rise to any legally sufficient cause of action for punitive damages.

7. Defendant preliminary objects to insufficient specificity in the Complaint.

WHEREFORE, Defendant, Paata Khelaia, respectfully requests this Honorable Court to sustain the preliminary objections.

LAW OFFICES OF JESSICA ADAMS

John Silli

By: John P. Silli, Esquire
Attorney for Defendant, Paata Khelaia

**Law Offices of Jessica Adams**
**By: John P. Silli, Esquire**
**Email: john.silli@farmersinsurance.com**
**Attorney I.D. No.: 204907**
**PO Box 258829**
**Oklahoma City, OK 73125**
**610-382-8100**

**Attorney for Defendant,**
**Paata Khelaia**

| | | |
|---|---|---|
| **MARTINA HARLEY-MOORE** | : | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **PAATA KHELAIA, UBER TECHNOLOGIES, INC AND RASIER-PA, LLC** | : | |
| **Defendant.** | : | **NO. 260200158** |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT'S PRELIMINARY OBJECTION**

## I. Matter Before the Court

Defendant, Paata Khelaia's, Preliminary Objections to Plaintiff's Complaint.

## II. Statement of Question Involved

Should Defendant's Preliminary Objection to Plaintiff's Complaint be sustained because of insufficient specificity in the Complaint.

**Suggested Answer:** Yes.

## III. Statement of Facts

A Complaint was filed on 2/2/26. (A copy of a Complaint is attached hereto and marked as Exhibit "A".) Reckless conduct is alleged throughout the Complaint. The Complaint makes bald and conclusory allegations designed to create a claim for punitive damages.

## IV. Legal Argument

Pennsylvania Courts have adopted the principles of the Restatement (Second) of Torts, section 908(2) as the guideline for the imposition of punitive damages. This section states that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Burke v. Maassen, 904 F.2d 178, 181 (3rd Cir. 1990); Martin v. Johns Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1096 (1985) (quoting, Restatement (Second) of Torts, §908(2); Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747-48(1984).

The court in Burke recognized that Pennsylvania has adopted a "very strict interpretation" of reckless indifference. Reckless indifference to the interest of others means that "the actor has intentionally done an action of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow". Evans v. Philadelphia Transportation Co., 418 Pa. 567, 574, 212 A.2d 440, 443(1965).

The state of mind of the actor is vital. The act, or failure to act, must be intentional, reckless, and indifferent to the interests of others. Feld v. Merriam, 506 Pa. 313, 485 A.2d 742(1984). Punitive damages under §908 of the Restatement are not justified where the defendant's mental status rises to no more than gross negligence. Martin v. Johns Manville, supra; and Thomas v. American Cystoscope Makers, Inc., 414 F. Supp. 225, 267(E.D.Pa. 1976).

Punitive damages may not be awarded for misconduct that constitutes ordinary negligence such as inadvertence, mistake and errors of judgment (Restatement of Torts (Second), §908(b). Thus, a plaintiff cannot simply show that a reasonable person in the defendant's position would have realized or appreciated the high risk of harm for his actions. There must be

a conscious indifference to another's safety, i.e., that the defendant actually realized the risk and deliberately proceeded to act in conscious disregard of, or indifference to, that risk. Burke v. Maassen, 904 F.2d at 181.

Plaintiff's Complaint fails to allege any conduct by the defendants that could subject them to liability for punitive damages. There is no conduct alleged upon which an award of punitive damages can be made. "The mere pleading of outrageous conduct [or in this case, recklessness] does not, of course, satisfy the requirement of stating facts which, if proven, would form a basis for a jury concluding that the conduct was such that an award of punitive damages was warranted." Brownwell v. Bryan, 40 D.&C. 3d 604, 606 (1985) citing Evans v. Philadelphia Transportation Company, supra. In summary, conclusory allegations of recklessness are insufficient to fulfill the fact pleading requirements of the rules of procedure and insufficient to support an award of punitive damages.

In the instant case, we are dealing with an incident without any proof, whatsoever, of the requisite conduct that is willful. In fact, the basis for punitive damages claim is nothing more than the same exact basis for the negligence claim, wherein the plaintiffs set forth nothing further to demonstrate a cause of action for punitive damages.

## IV **Conclusion**

For the reasons set forth above, Defendant, Paata Khelaia, respectfully requests that this Honorable Court sustain his Preliminary Objections and enter an Order in the form attached.

LAW OFFICES OF JESSICA ADAMS

By: John P. Silli, Esquire
Attorney for Defendant, Paata Khelaia

**VERIFICATION**

John P. Silli, hereby states that he is the attorney for Defendant, Paata Khelaia, in this action, and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

DATED: March 2, 2026

LAW OFFICES OF JESSICA ADAMS

By: John P. Silli, Esquire
Attorney for Defendant, Paata Khelaia

**CERTIFICATE OF SERVICE**

I hereby certify as follows: I have served upon counsel for plaintiff a copy of the foregoing Preliminary Objections electronically to

Alexander C. Hyder, Esquire
Luke Bradt, Esquire
Morgan & Morgan
2005 Market Street, Ste 350
Philadelphia, PA 19103
ATTORNEYS FOR PLAINTIFF, MARTINA HARLEY-MOORE

Uber Technologies, Inc.
1515 3rd Street
San Francisco, CA 94158
PRO SE DEFENDANT

Rasier-PA, LLC
600 North Second Street, Ste 401
Harrisburg, PA 17101
PRO SE DEFENDANT

and on all other counsel of record and unrepresented parties on the attached list by United States Mail, First Class postage prepaid.

Dated: March 2, 2026

JOHN P. SILLI, ESQUIRE

EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2026** **00158**

E-Filing Number: 2602001286

| | |
|---|---|
| PLAINTIFF'S NAME<br>MARTINA HARLEY-MOORE | DEFENDANT'S NAME<br>UBER TECHNOLOGIES, INC. |
| PLAINTIFF'S ADDRESS<br>152 WEST ASHDALE STREET<br>PHILADELPHIA PA 19120 | DEFENDANT'S ADDRESS<br>1515 3RD STREET<br>SAN FRANCISCO CA 94158 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>RASIER-PA, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>600 NORTH 2ND ST, SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PAATA KHELAIA |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>320 OCEAN PARKWAY #D7<br>BROOKLYN NY 11218 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint [ ] Petition Action [ ] Notice of Appeal<br>[ ] Writ of Summons [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

VIRTUE LIBERTY AND INDEPENDENCE

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
FEB 02 2026
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARTINA HARLEY-MOORE

Papers may be served at the address set forth below.

| | | |
|---|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ALEXANDER C. HYDER | | ADDRESS<br>2005 MARKET STREET<br>SUITE 350<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(267)780-2985 | FAX NUMBER<br>(267)780-2920 | |
| SUPREME COURT IDENTIFICATION NO.<br>320939 | | E-MAIL ADDRESS<br>ahyder@forthepeople.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*ALEXANDER HYDER* | | DATE SUBMITTED<br>Monday, February 02, 2026, 11:37 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 260200158
Control No.: 26030875

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939
Luke Bradt, Esquire # 335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 18243729

Filed and Attested by the Office of Judicial Records 02 FEB 2026 11:47 am A. BREWINGTON

*Attorneys for Plaintiff*

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>__________ **TERM, 2026**<br><br>**No.:** ______________<br><br>**MAJOR JURY MATTER** |
| NOTICE<br><br>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | AVISO<br><br>Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.<br><br>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A |

| | PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>1101 Market Street, 11th Floor<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701 |
|---|---|

## CIVIL ACTION COMPLAINT

1. The Plaintiff herein is Martina Harley-Moore (hereinafter "Plaintiff"), an adult individual, who currently resides at the above-captioned address.

2. The Defendant herein is Uber Technologies, Inc. (hereinafter "Defendant Uber"), an organized and existing business entity having a principal place of business at the above-captioned address.

3. At all times relevant hereto, Defendant Uber is registered to do business in the Commonwealth of Pennsylvania, and regularly does business in Pennsylvania, including Philadelphia County, such that this Honorable Court has jurisdiction.

4. The Defendant herein is Rasier-PA LLC (hereinafter "Defendant Rasier"), an organized and existing business entity incorporated in Delaware and has a registered agent for service in the Commonwealth of Pennsylvania at the above-captioned address.

5. At all times relevant hereto, Defendant Rasier is registered to do business in the Commonwealth of Pennsylvania, and regularly does business in Pennsylvania, including Philadelphia County, such that this Honorable Court has jurisdiction.

6. Defendant Rasier is an alter ego and wholly owned subsidiary of Uber, established to handle Uber's affairs through the Commonwealth of Pennsylvania.

7. The Defendant herein is Paata Khelaia (hereinafter "Defendant Khelaia"), an adult individual, who currently resides at the above-captioned address.

8. At all times relevant hereto, Defendant Khelaia was acting within the course and


Case ID: 260200158

scope of their employment with Defendants Uber and Rasier as an employee, servant, workman, agent, and/or ostensible agent, in the furtherance of the business interests and objectives of Defendants Uber and Rasier, and with the actual and/or implied authority of Defendants Uber and Rasier.

9. At all relevant times, Defendants Uber and Rasier acted and/or failed to act through its employees, agents, workers, servants, alter-egos, subsidiaries, and contractors, including but not limited to Defendant Khelaia, each and all of whom were acting within the scope of authority.

10. At all relevant times, Defendants Ali, Uber, and Rasier were the employees, agents, brokers, servants, alter-egos, and/or instrumentalities of one another and acted and/or failed to act through their employees, agents, ostensible agents, brokers, servants, alter-egos, and or instrumentalities, each and all of whom were working within the scope of their authority.

11. At all times relevant hereto, Defendant Khelaia was the operator of a rideshare vehicle which they operated during the course and scope of their employment with Defendants Uber and Rasier, in the furtherance of the business interests and objectives of Defendants Uber and Rasier, and with the actual and/or implied authority of Defendants Uber and Rasier.

12. At all times relevant hereto, Plaintiff was a passenger of the aforementioned rideshare vehicle operated by Defendant Khelaia.

13. On or about August 10, 2025, at approximately 10:27 p.m., Defendant Khelaia, with Plaintiff as a passenger, was travelling northbound on Shisler Street in Philadelphia, Pennsylvania, and proceeded through the intersection with Benner Street without the proper clearance or right-of-way and struck another vehicle, thereby causing Plaintiff's personal injuries as more fully hereinafter described.

16. As a direct and proximate result of the negligence of Defendants herein, Plaintiff


Case ID: 260200158

was caused to sustain serious and permanent injuries including, but not limited to, right shoulder tear, neck pain, and bilateral shoulder pain, some or all of which are permanent in nature and may last into the future.

17. As a direct and proximate result of the aforementioned injuries sustained due to the negligence, carelessness, and recklessness of the Defendants herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

18. As a further result of her injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

19. As a further result of her injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services, which are not covered by or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

20. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

21. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.


Case ID: 260200158

**COUNT I**
**MARTINA HARLEY-MOORE vs. PAATA KHELAIA**

22. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

23. Defendant Khelaia while acting within the course and scope of their employment or agency with Defendants Uber and Rasier, did so negligently, carelessly, and/or recklessly operate their vehicle in one or more of the following ways:

a. Failing to have said motor vehicle under proper and adequate control;

b. Failing to pay proper attention while operating said motor vehicle;

c. Failing to take proper precautions while operating said motor vehicle;

d. Failing to come to a complete stop at a clear and unobstructed stop sign;

e. Entering an intersection without the proper clearance or right-of-way;

f. Failing to yield to vehicles with the right-of-way;

g. Failing to remain alert;

h. Operating said motor vehicle improperly under the circumstances;

i. Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

j. Failing to give proper and sufficient warning of the approach of said vehicle;

k. Failing to operate said vehicle with due care and regard to the rights, safety, and position of the Plaintiff;

l. Operating said vehicle with knowledge the Plaintiff was in danger of being injured;

m. Otherwise failing to exercise due care under the circumstances; and


Case ID: 260200158

n. Such other liability producing conduct as discovery shall disclose.

24. As a result of the negligence, carelessness, and recklessness of said Defendant, Plaintiff was caused to suffer various severe physical injuries as more fully hereinbefore described.

25. The accident herein was in no way due to any act or failure to act on the part of Plaintiff.

**WHEREFORE**, the Plaintiff hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants, in an amount in excess of the jurisdictional threshold, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**MARTINA HARLEY-MOORE vs. UBER TECHNOLOGIES, INC. and RASIER-PA, LLC**

26. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

27. The collision resulted solely from the negligence, carelessness, and recklessness of Defendants Uber and Rasier, by their workman, agent, servant, employee and/or permissive user was in no way due to the act or failure to act on the part of the Plaintiff.

28. The negligence, carelessness, and recklessness of Defendants Uber and Rasier, by their workman, agent, servant and/or employee consisted of the following:

a. Failing to properly supervise Defendant Khelaia;

b. Failing to take reasonable precautions to see that Defendant Khelaia gave proper and sufficient warning of the movement of said vehicle;

c. Failing to take reasonable precautions to see that Defendant Khelaia kept a proper lookout for the position of other vehicles, including Defendant Richards;

d. Permitting Defendant Khelaia to continue to operate said automobile despite notice and knowledge of Defendant Khelaia's unsafe driving practices and poor driving record;

e. Failing to take reasonable precautions to see that Defendant Khelaia operated said vehicle with due care and regard to the rights, safety, and position of the Plaintiff;

f. Failing to take reasonable precautions to see that Defendant Khelaia operated said vehicle in accordance with appropriate procedure, practice and applicable law having knowledge that individuals, specifically the Plaintiff, were in danger of being injured;

g. Failing to take reasonable precautions to see that Defendant Khelaia did not operate said vehicle negligently under the laws of the Commonwealth of Pennsylvania;

h. Otherwise failing to exercise due care under the circumstances;

i. Liability by virtue of the Doctrine of Respondent Superior; and

j. Such other liability producing conduct as discovery shall disclose.

29. As a result of the negligence, carelessness, and recklessness of the said Defendants, Plaintiff was caused to suffer various severe physical and emotional injuries as more fully hereinbefore described.

**WHEREFORE**, the Plaintiff hereby seeks all damages allowed under the laws of the


Case ID: 260200158

Commonwealth of Pennsylvania, including punitive damages from the Defendants, in an amount in excess of the jurisdictional threshold, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
***RESPONDEAT SUPERIOR*, VICARIOUS LIABILITY, AND AGENCY**
**MARTINA HARLEY-MOORE vs. UBER TECHNOLOGIES, INC. and RASIER-PA, LLC**

30. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

31. At all relevant times, Defendant Khelaia was an employee, agent, ostensible agent, worker, servant, alter-ego, and/or contractor of Defendants Uber and Rasier and was acting within the scope of authority and employment in the furtherance of Uber's and Rasier's business.

32. Defendants Uber and Rasier's negligence, carelessness, and recklessness, by and through Defendant Khelaia, consisted of the following:

a. Failing to have said motor vehicle under proper and adequate control;

b. Failing to pay proper attention while operating said motor vehicle;

c. Failing to take proper precautions while operating said motor vehicle;

d. Failing to come to a complete stop at a clear and unobstructed stop sign;

e. Entering an intersection without the proper clearance or right-of-way;

f. Failing to yield to vehicles with the right-of-way;

g. Failing to remain alert;

h. Operating said motor vehicle improperly under the circumstances;

i. Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

j. Failing to give proper and sufficient warning of the approach of said


Case ID: 260200158

vehicle;

k. Failing to operate said vehicle with due care and regard to the rights, safety, and position of the Plaintiff;

l. Operating said vehicle with knowledge the Plaintiff was in danger of being injured;

m. Otherwise failing to exercise due care under the circumstances; and

n. Such other liability producing conduct as discovery shall disclose.

33. At all times relevant hereto, Defendants Uber and Rasier permitted and/or failed to prevent Defendant Khelaia from negligently, carelessly, and recklessly operating a ride sharing vehicle.

34. The accident herein was in no way due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, the Plaintiff hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants, in an amount in excess of the jurisdictional threshold, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

**MORGAN & MORGAN PHILADELPHIA PLLC**

BY: ______________________
Alexander C. Hyder, Esquire
Luke Bradt, Esquire
*Trial Counsel for Plaintiff*

DATE: 02/02/2026


Case ID: 260200158

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939
Luke Bradt, Esquire # 335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 18243729
*Attorneys for Plaintiff*

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>____________ **TERM, 2026**<br><br>**No.:** __________________<br><br>**MAJOR JURY MATTER** |

**NOTICE OF PRESERVATION OF EVIDENCE**

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT


Case ID: 260200158

MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

**MORGAN & MORGAN**
**PHILADELPHIA PLLC**

BY: ______________________________

Alexander C. Hyder, Esquire
Luke Bradt, Esquire
*Trial Counsel for Plaintiff*

DATE: 02/02/2026


Case ID: 260200158

# VERIFICATION

I, MARTINA HARLEY-MOORE, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

DATE: 02/02/2026


Case ID: 260200158

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY LLP**
By: Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
Marissa E. Hill, Esquire
Atty. ID No. 320787 / 329596 / 333138
2000 Market St, Suite 1300
Philadelphia, PA 19103
T: (215) 825-2646 F: (215) 564-7699
Email: Elyse.cohen@wglaw.com
Ahmad.awadalla@wglaw.com
Marissa.hill@wglaw.com

*Attorneys for Defendants: Uber Technologies, Inc. and Rasier-PA, LLC*

Filed and Attested by the
Office of Judicial Records
03 MAR 2026 06:05 pm
G. IMPERATO

| | | |
|---|---|---|
| MARTINA HARLEY-MOORE, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | |
| v. | : | FEBRUARY TERM, 2026 |
| | : | |
| UBER TECHNOLOGIES, INC. and | : | NO.00158 |
| RASIER-PA, LLC and | : | |
| PAATA KHELAIA | : | |
| | : | |
| Defendants. | : | |

**ENTRY OF APPEARANCE**

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter our appearance as counsel on behalf of Defendants, Uber Technologies, Inc. and Rasier-PA, LLC, in connection with the above captioned matter.

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY**

Dated: March 3, 2026

By: /s/ Elyse N. Cohen
Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
Marissa E. Hill, Esquire
*Attorneys for Defendants,*
*Uber Technologies, Inc. and Rasier-PA, LLC*

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Entry of Appearance was filed and served on all counsel of record *via* the Court's Electronic Filing System on this date.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY**

Dated: March 3, 2026

By: /s/ Elyse N. Cohen

Elyse N. Cohen, Esquire
*Attorneys for Defendants,*
*Uber Technologies, Inc. and Rasier-PA, LLC*

Filed and Attested by the
Office of Judicial Records
03 MAR 2026 06:06 pm
G. IMPERATO

**NOTICE TO PLEAD:**
To Plaintiff: You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.
*/s/ Elyse N. Cohen*
Elyse N. Cohen, Esquire
Attorneys for Defendants, Uber Technologies, Inc. and Rasier-PA, LLC

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**
BY: Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
Attorney ID No.: 320787/ 329596
2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: 215-825-2650 F: 215-564-7699
E-Mail: Elyse.Cohen@wglaw.com
Ahmad.Awadalla@wglaw.com

*Attorneys for Defendants:*
*Uber Technologies, Inc. and Rasier-PA, LLC*

| | | |
|---|---|---|
| MARTINA HARLEY-MOORE, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| v. | : | FEBRUARY TERM, 2026 |
| | : | |
| | : | |
| UBER TECHNOLOGIES, INC. and RASIER-PA, LLC, and PAATA KHELAIA | : | NO. 00158 |
| | : | |
| | : | |
| | : | |
| Defendants. | | |

**DEFENDANTS, UBER TECHNOLOGIES, INC. AND RASIER-PA, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER**

Defendants, Uber Technologies, Inc. and Rasier-PA, LLC (hereinafter, collectively, "Answering Defendants"), by and through their attorneys, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby file the within Answer with New Matter to Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied. Strict proof of all denied allegations is demanded.

2. Admitted in part; denied in part. It is admitted only that Uber Technologies, Inc. is a business entity. The allegations regarding its principal place of business are denied. Uber Technologies, Inc.'s address is 1725 3rd St., San Francisco, CA 94158. Strict proof of all denied allegations is demanded.

3. Admitted in part; denied in part. It is admitted only that Uber Technologies, Inc. is registered to and does business in Pennsylvania. To the extent that these allegations constitute conclusions of law, they are denied pursuant to Pa.R.C.P. 1029(e). Strict proof of all denied allegations is demanded.

4. Denied as stated. Rasier-PA, LLC is a Delaware limited liability company with a registered agent for service of process at the address listed in the caption of Plaintiff's Complaint.

5. Admitted in part; denied in part. It is admitted only that Rasier-PA, LLC is registered to and does business in Pennsylvania. To the extent that these allegations constitute conclusions of law, they are denied pursuant to Pa.R.C.P. 1029(e). Strict proof of all denied allegations is demanded.

6. Admitted in part; denied in part. It is admitted only that Rasier-PA, LLC is a wholly owned subsidiary of Uber Technologies, Inc. To the extent that these allegations constitute conclusions of law, they are denied pursuant to Pa.R.C.P. 1029(e). Strict proof of all denied allegations is demanded.

7. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied. Strict proof of all denied allegations is demanded.

8. Denied. The allegations of this paragraph are denied as conclusions of law and pursuant to Pa. R. C. P. 1029(e). Answering Defendants specifically deny that Paata Khelaia was an employee, servant, workman, agent, and/or ostensible agent of Answering Defendants or was acting within the course and scope of any employment relationship with Answering Defendants. Strict proof of all denied allegations is demanded.

9.-10. Denied. The allegations in these paragraphs are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants specifically deny that Paata Khelaia was an employee, agent, worker, servant, alter-ego, subsidiary, and contractor of Answering Defendants or was acting within the course and scope of any employment relationship with Answering Defendants. Strict proof of all denied allegations is demanded.

11. Denied. The allegations of this paragraph are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants specifically deny that Paata Khelaia was acting within the course and scope of any employment relationship with Answering Defendants. Strict proof of all denied allegations is demanded.

12. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied. Strict proof of all denied allegations is demanded.

13. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and

therefore they are denied. To the extent these allegations constitute conclusions of law, they are denied pursuant to Pa.R.C.P 1029(e). Strict proof of all denied allegations is demanded.

.

16.-21.[1] Denied. The allegations of these paragraphs are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Strict proof of all denied allegations is demanded.

**COUNT I**
**MARTINA HARLEY-MOORE vs. PAATA KHELAIA**

22. Answering Defendants incorporate their answers to the preceding paragraphs of Plaintiff's Complaint as though the same were fully set forth at length herein.

23. Denied. The allegations in this paragraph, and its subparts, are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants specifically deny that Paata Khelaia was acting within the course and scope of any employment or agency relationship with Answering Defendants. Strict proof of all denied allegations is demanded.

24.-25. Denied. The allegations of these paragraphs relate to parties other than Answering Defendants and do not seek relief from Answering Defendants, and therefore no response is deemed required. To the extent that a response is required, these allegations are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Strict proof of all denied allegations is demanded.

**WHEREFORE**, Answering Defendants deny liability and demand judgment in their favor and against Plaintiff together with interest, fees, costs, and such other relief as this Court deems just and proper.

**COUNT II**
**MARTINA HARLEY-MOORE vs. UBER TECHNOLOGIES, INC. and RASIER-PA, LLC**

[1] Numbered to remain consistent with Plaintiff's Complaint.

26. Answering Defendants incorporate their answers to the preceding paragraphs of Plaintiff's Complaint as though the same were fully set forth at length herein.

27. Denied. The allegations of this paragraph are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants specifically deny that any party was a workman, agent, servant, employee and/or permissive user of Answering Defendants. Strict proof of all denied allegations is demanded.

28. Denied. The allegations in this paragraph, and its subparts, are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants specifically deny that any party, including Paata Khelaia, was a workman, agent, servant and/or employee of Answering Defendants. Strict proof of all denied allegations is demanded.

29. Denied. The allegations in this paragraph are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Strict proof of all denied allegations is demanded.

**WHEREFORE**, Answering Defendants deny liability and demand judgment in their favor and against Plaintiff together with interest, fees, costs, and such other relief as this Court deems just and proper.

## COUNT III
## RESPONDEAT SUPERIOR, VICARIOUS LIABILITY, AND AGENCY MARTINA HARLEY-MOORE vs. UBER TECHNOLOGIES, INC. and RASIER-PA, LLC

30. Answering Defendants incorporate their answers to the preceding paragraphs of Plaintiff's Complaint as though the same were fully set forth at length herein.

31. Denied. The allegations in this paragraph are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants specifically deny that Paata Khelaia was an employee, agent, ostensible agent, worker, servant, alter-ego, and/or contractor of Answering

Defendants or was acting within the course and scope of any employment relationship with Answering Defendants. Strict proof of all denied allegations is demanded.

32. Denied. The allegations in this paragraph, and its subparts, are denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e). Answering Defendants deny ownership, possession and control of the subject vehicle. Strict proof of all denied allegations is demanded.33-34. Denied. The allegations in these paragraphsare denied as conclusions of law and pursuant to Pa.R.C.P. 1029(e).Strict proof of all denied allegations is demanded.

**WHEREFORE**, Answering Defendants deny liability and demand judgment in their favor and against Plaintiff together with interest, fees, costs, and such other relief as this Court deems just and proper.

**NEW MATTER**

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. Co-Defendant Paata Khelaia was not an agent, ostensible agent, servant, workman, and/or employee of Answering Defendants, and therefore no claims of vicarious liability exist as to Answering Defendants.

3. Plaintiff's claims may be barred in whole or part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. Section 1701 et seq. as amended (hereinafter MVFRL). Further, Answering Defendants hereby assert all of the defenses, limitations and immunities available pursuant to the MVFRL.

4. Pursuant to the applicable provisions of the MVFRL, Plaintiff is precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under the MVFRL up to and including the limit of required benefits under the MVFRL.

5. Plaintiff may have elected or may otherwise be bound by the limited tort alternative, and Plaintiff's alleged injuries may not be serious as defined by the MVFRL; consequently, Plaintiff may be precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

6. Plaintiff's claims may be barred in whole or part by the provisions of the Pennsylvania Comparative Negligence Act.

7. It is further averred that if Plaintiff suffered any injuries and/or damages as alleged, they may have been caused solely and primarily by Plaintiff's own carelessness and negligence and/or Plaintiff's assumption of the risk.

8. If there is legal responsibility for the damages set forth in Plaintiff's Complaint, then the responsibility may be that of other individuals and/or entities over whom Answering Defendants had no control. Plaintiff's injuries and damages as alleged were not caused in any manner whatsoever by Answering Defendants.

9. Answering Defendants plead the following affirmative defenses: accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver.

10. Answering Defendants complied with all requirements of 53 Pa.C.S. Section 57A01 et seq. and therefore cannot be held liable to Plaintiff in this matter.

11. Plaintiff's claims may be barred by the applicable Statute of Limitations.

12. Answering Defendants did not owe any duty to Plaintiff.

13. Answering Defendants did not breach any duty owed to Plaintiff.

14. No action or omission on the part of Answering Defendants proximately caused any injury or damage to Plaintiff.

15. Plaintiff may have failed to mitigate her damages.

16. Answering Defendants state that any claim for the recovery of past medical expenses is limited to the amount paid for the medical services. *Moorehead v. Crozer Chester Med. Ctr.*, 765 A.2d 786 (Pa. 2001).

17. Answering Defendants allege that the Complaint and each cause of action set forth therein is barred, in whole or in part, by the Communications Decency Act, 47 U.S.C. § 230, et al.

18. All arbitration clauses, agreements, and provisions in any and all contracts (including oral, written, and/or hyperlinked) between and among the parties should be enforced. Accordingly, Plaintiff's Complaint should be dismissed with prejudice and Plaintiff's claims should be resolved through the arbitration process.

19. Plaintiff's claims may be barred or limited by the Pennsylvania Fair Share Act.

**WHEREFORE**, Answering Defendants deny liability and demand judgment in their favor and against Plaintiff together with interest, fees, costs, and such other relief as this Court deems just and proper.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

Date: 3/3/2026

BY: /s/ Elyse N. Cohen
Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
*Attorneys for Defendants,*
*Uber Technologies, Inc. and Rasier-PA, LLC*

**VERIFICATION**

Elyse N. Cohen hereby states that she is counsel for Uber Technologies, Inc., and Rasier-PA, LLC; that while she does not have personal knowledge of all the facts recited in the foregoing Answer with New Matter, the information contained therein has been collected and made available to her by others and said Answer is true and correct to the best of her knowledge and belief; and is therefore verified on behalf of Uber Technologies, Inc., and Rasier-PA, LLC in connection with this litigation. Pursuant to Rule 1024(c) this Verification is signed by counsel as the parties are outside the jurisdiction of the court and the verification of none of them could be obtained within the time allowed by the Court for filing the Answer. The undersigned makes this Verification subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: March 3, 2026

By: /s/ Elyse N. Cohen
*Attorneys for Defendants,*
*Uber Technologies, Inc., and Rasier-PA, LLC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this date a true and correct copy of the foregoing Answer with New Matter to Plaintiff's Complaint on behalf of Defendants, Uber Technologies, Inc. and Rasier-PA, LLC, was electronically filed and served on all counsel of record via the Court's Electronic Filing System and/or unrepresented party by way of electronic mail or U.S. Mail, postage pre-paid.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY**

Dated: 3/3/2026

By: /s/ Elyse N. Cohen
Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
*Attorneys for Defendants, Uber Technologies, Inc. and Rasier-PA, LLC*

FILED
05 MAR 2026 11:40 am
Civil Administration
A. MALONIS

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC.**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL DIVISION**<br><br>**JANUARY TERM, 2026**<br><br>**No.: 260200158**<br><br>**MAJOR JURY MATTER** |

**ORDER OF COURT**

AND NOW, this ___________day of __________________, 2026, upon consideration of Defendants Uber Technologies, Inc., Rasier-PA, LLC. and Paata Khelaia's Preliminary Objections to Plaintiff, Martina Harley-Moore's Complaint, and Plaintiff's response in opposition thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Preliminary Objections are **OVERRULED.**

It is further **ORDERED** that Defendants Uber Technologies, Inc., Rasier-PA, LLC. and Paata Khelaia are hereby **ORDERED** to file an Answer to Plaintiff's Complaint with twenty (20) days of this Order.

BY THE COURT:

_____________________________
J.

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939
Luke Bradt, Esquire #335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 18243729

*Attorneys for Plaintiff*

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC.**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL DIVISION**<br><br>**JANUARY TERM, 2026**<br><br>**No.: 260200158**<br><br>**MAJOR JURY MATTER** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

Plaintiff, Martina Harley-Moore, by and through their attorneys, Alex Hyder, Esquire of Morgan & Morgan, responds to Defendants Uber Technologies, Inc., Rasier-PA, LLC. and Paata Khelaia's Preliminary Objections to Plaintiff's Complaint, and in support thereof avers as follows:

**1. – 7.** Denied as stated. Plaintiff's 13-page Complaint is factually detailed/specific as to the basis for the allegations of reckless conduct by Defendant. See Plaintiff's Complaint, attached as Exhibit "A." There is more than a sufficient amount of facts pled that, if taken as true at the pleadings stage based on the applicable standard of review, would substantiate a *prima facie*

showing that Defendants' conduct constituted a reckless indifference to the interests of others. This is the proper standard in Pennsylvania. See PA Standard Civil Jury Charges 8.0 and 8.10 attached hereto as Exhibit "B." Pennsylvania law is clear that allegations of recklessness may be averred generally at the pleadings stage. See e.g., Monroe v. CBH20, LP, et al., (Pa. Super. Ct. 2022); see also Randall Szczepaniak v. Uber Techs., Inc., No. 250501851 (Phila. C.P. Nov. 13, 2025) (Levin, J.) (order overruling preliminary objections) (applying *Monroe* to hold that "an averment of recklessness is proper on its own."), attached as Exhibit "C".

The Court must accept as true all well-pled allegations set forth in the Complaint and all inferences reasonably deduced therefrom. Morgan v. McPhail, 449 Pa. Super. 71, 672 A.2d 1359 (1996); See also Haun v. Community Health Systems, 2011 WL 166324 at *3 (Pa. Super. 2011).

## I. CONTROLLING PRECEDENT OF *MONROE* PERMITS RECKLESSNESS TO BE AVERRED GENERALLY AT THE PLEADINGS STAGE

Plaintiff has sufficiently pled and established reckless conduct on the part of Defendant at this early pleadings stage. The Pennsylvania Superior Court's recent controlling decision in Monroe v. CBH20, LP, et al., 2022 PA Super 197 (decided November 21, 2022) is illustrative of the very issue before the Court. In Monroe, the Superior Court held as follows regarding allegations of reckless conduct in Complaints:

> "Archibald recognizes the important distinction between the pleadings stage of the case and the summary judgment stage of the case. **At the pleadings stage, the rules allow a plaintiff to make a general averment of gross negligence or recklessness**. When initially filing a complaint, a plaintiff may not be fully aware of the Defendants's state of mind. Only through discovery can the plaintiff ascertain what the defendant knew or should have known about the risk involved. **It would place an undue burden on the Plaintiff to plead specific facts about a Defendant's state of mind at the time a lawsuit is initiated**."

Monroe v. CBH20, LP, et al., 2022 Pa. Super. 197 (Pa. Super. Ct. 2022) (emphasis added).

Moreover, Pennsylvania has adopted §908 of the Restatement (Second) of Torts and the comments thereunder regarding the imposition of punitive damages. Chambers v. Montgomery, 192 A.2d 355 (Pa. 1963); Dean Witter Reynolds, Inc. v. Genteel, 499 A.2d 637, 642 (Pa. Super. 1985); Delahanty v. First Pennsylvania Bank, N.A., 464 A.2d 1243, 1263 (Pa. Super. 1983). Punitive damages are defined by §908 as, *inter alia*, damages awarded to punish for outrageous conduct when it can be attributed to the Defendants's reckless indifference to the rights of others. Restatement (Second) of Torts §908(2); Delahanty 464 A.2d at 1263; Focht v. Rabada, 217 Pa. Super. 35, 38 (1970).

In defining recklessness, the Courts of this Commonwealth have held that it is sufficient if an actor knows or has reason to know of facts which create a high risk of physical harm to another and deliberately proceeds to act, or fails to act, in conscious disregard of that risk. Focht, 217 Pa. Super. 35; Medvecz v. Choi, 569 F.2d 1221, 1227 (3rd Cir. 1977). In fact, comment (d) of §908 states that "[i]f the actor's conduct involves a serious risk of harm to those within the range of its effect, the fact that the actor knows or has reason to know that others are within such range is conclusive of his recklessness towards them." Restatement (Second) of Torts §908; Evans v. Phila Transport Co., 212 A.2d 440, 444 (Pa. 1965).

In terms of pleading entitlement to punitive damages, it is sufficient if a party alleges that the defendant knew or should have known of the risk involved. Field v. Philadelphia Electric Co., 565 A.2d 1170 (Pa. Super. 1989). The question in tort actions generally is whether there has been sufficiently aggravated conduct contrary to plaintiff's interest involving bad motive or reckless indifference to justify punitive damages. Lesher v. Nichter, 16 Pa. D. & C. 4th 213, 220-221 (Dauph Cty. 1992). What remains clear and well-established is that a court should decide the viability of a punitive damage claim "only when no reasonable inference from the facts supports a

punitive damage award." Kapacs v. Martin, 2005 Pa. Dist. & Cty. Dec. LEXIS 506, *20 fn3 (quoting Glodzik v. Whink Products Co., 61 Pa. D. & C. 4th 241, 261 (Lacka. Cty. 2003); Anderson v. Nationwide Insurance Enterprise, 187 F. Supp. 447, 460 (W.D. Pa. 2002).

Plaintiff's Complaint contains several detailed factual allegations of Defendants' reckless and outrageous conduct. This is readily apparent from a cursory review of Plaintiff's 13-page detailed Complaint. Here, Plaintiff's Complaint detailed factual allegations of Defendant's reckless and outrageous conduct, at the pleadings stage, is more than sufficient to overrule the Preliminary Objections, in accordance with the controlling law propounded in Monroe. As such, Defendants' Preliminary Objections to allegations of recklessness must be overruled.

***Specific References to the Conduct Pled Herein:***

Although Plaintiff is **not required to plead specific facts showing recklessness** under Monroe, Plaintiff has nevertheless pled facts that would allow a *prima facie* finding of recklessness. Specifically, this incident involves severe harm to Plaintiff Martina Harley-Moore. Plaintiff's Complaint details the nature of Defendants Uber Technologies, Inc., Rasier-PA, LLC. and Paata Khelaia's conduct throughout. Chiefly, it was pled that the Defendant Paata Khelaia, for whom Defendants are vicariously liable, chose to run a stop sign in Philadelphia while another vehicle had the right of way, and crashed into that vehicle. See Plaintiff's Complaint, at ¶¶8-13, 23(a)-(n), 32 (a)-(n), attached as Exhibit "A." This fact (Defendant Khelaia's awareness of the dangers of running a stop sign) will be supported at trial by way of testimony and physical evidence. By rolling through an intersection on the busy city streets of Philadelphia, Defendant Khelaia knowingly gambled with the safety of other motorists, passengers and pedestrians.

Defendants Uber Technologies, Inc. and Rasier-PA, LLC. is liable for Defendant Khelaia's reckless conduct herein by way of PA Standard Civil Jury Instruction 8.10 because he was an employee/agent of Uber Technologies, Inc. and Rasier-PA, LLC. at the time. See Exhibit "B."

Moreover, the factual allegations against Defendants Uber Technologies, Inc. and Rasier-PA, LLC. found in paragraphs 28(a) through (j) are illustrative of the nature of the reckless conduct alleged. See Exhibit "A" at ¶28(a)-(j). These factual allegations, if taken as true at the pleadings stage pursuant to the appropriate standard of review, would support a *prima facie* showing that Defendants Uber Technologies, Inc. and Rasier-PA, LLC.'s corporate conduct exhibited a reckless indifference to the interests of others.

These averments are independent of its vicarious liability for its driver's reckless conduct, which is insurable in Pennsylvania and not against public policy. See PA Standard Civil Jury Charge 8.10. It is averred that Defendants Uber Technologies, Inc. and Rasier-PA, LLC. failed to have proper supervision and precautions in place to prevent the occurrence of predictable and preventable motor vehicle accidents by their drivers like Defendant Khelaia. See e.g. Exhibit "A," at ¶¶4-12, 27, 28(a)-(j), 29. This includes failures to properly monitor driver performance and failures in the hiring and supervision process of Defendant Khelaia.

These facts if proven would more than substantiate a reasonable jury's finding that Defendants Uber Technologies, Inc. and Rasier-PA, LLC. acted with a reckless indifference to the interests of others, given that these polices/procedures/protocols/training and hiring failures exist to prevent motor vehicle collisions with the public like the very one that occurred herein. **Failures in these very same areas were sufficient for a Luzerne County jury to recently find recklessness and award punitive damages in Plaintiff counsel's December 2023 trial in**

***English v. Fraley & Schilling, et al., No. 2021-04237.*** See English Jury Verdict Sheet, attached as Exhibit "D."

Pennsylvania courts have long recognized the relaxed requirement for specificity in a complaint where, as here, the objector has or should have as much or better knowledge than the pleader. In Local No. 163, Int'l Union v. Watkins, a case where the Defendant had filed preliminary objections in a nature of a request for a more specific pleading, the Pennsylvania Supreme Court specifically held that there is a decreased level of specificity required in a complaint where the matters involved are equally or more in the knowledge of the objecting party. 207 A.2d 776, 778 (Pa. 1965). As such, "where a defendant has more knowledge of the particulars than plaintiff the requirements of specificity are more easily met." Local No. 163, 207 A.2d at 780.

Moving Defendants herein are in the unique position of possessing sole control and knowledge of their specific hiring and firing practices as well as employee and/or agent retention policies and procedures. See 231 Pa. Code Rule 1019(b); see also Line Lexington Lumber & Millwork Co. v. Pennsylvania Publishing Co., 301 A.2d 684, 689 (Pa. 1973).

Here, Plaintiff should be afforded the opportunity to conduct discovery, including the deposition of the Moving Defendants. As such, Moving Defendants' Preliminary Objections should be denied at this early pleadings stage.

*Conclusion:*

In sum, it is readily apparent from a cursory review of Plaintiff's Complaint that the allegations of Defendants' reckless conduct are factually supported. Plaintiff's Complaint even points to specific conduct of the Defendants as the grounds for such allegations, even though Plaintiff is not required to do so under Monroe. Since Plaintiff's Complaint sufficiently pleads

reckless behavior on behalf of the Defendants herein, the Defendants' Preliminary Objection should be overruled.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter the attached proposed Order overruling Defendants' Preliminary Objections.

Respectfully submitted,

**MORGAN & MORGAN**

Alexander C. Hyder, Esquire
*Lead Trial Counsel for Plaintiff*

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939
Luke Bradt, Esquire #335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 18243729

*Attorneys for Plaintiff*

| | |
|---|---|
| **MARTINA HARLEY-MOORE**<br>152 West Ashdale Street<br>Philadelphia, PA 19120<br>Plaintiff,<br><br>*vs.*<br><br>**UBER TECHNOLOGIES, INC.**<br>1515 3rd Street<br>San Francisco, CA 94158<br>*and*<br>**RASIER-PA, LLC.**<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*and*<br>**PAATA KHELAIA**<br>320 Ocean Parkway #D7<br>Brooklyn, NY 11218<br>Defendants. | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL DIVISION**<br><br>**JANUARY TERM, 2026**<br><br>**No.: 260200158**<br><br>**MAJOR JURY MATTER** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PRELIMINARY OBJECTIONS**

Plaintiff, Martina Harley-Moore, by and through their attorneys, Alex Hyder, Esquire of Morgan & Morgan, responds to Defendants Uber Technologies, Inc., Rasier-PA, LLC. and Paata Khelaia's Preliminary Objections to Plaintiff's Complaint, and in support thereof avers as follows:

## I. STATEMENT OF QUESTIONS PRESENTED

(1) Whether Plaintiff sufficiently pled facts, of which are permitted to be pled generally pursuant to the Superior Court's recent controlling holding in Monroe v. CBH20, LP, et al., 2022 PA Super 197, required to state a cognizable claim for recklessness / punitive damages at the pleadings stage?

*Suggested Answer: YES.*

## II. FACTS

This matter involves a motor vehicle collision that occurred on August 10, 2025 at the intersection of Shisler and Benner street in Philadelphia, Pennsylvania. This occurred during evening hours at approximately 10:27 p.m. Plaintiff was as passenger in the vehicle being driven by Defendant Khelaia when Defendant Khelaia, who was in the course and scope of their employment with Uber Technologies, Inc. and Rasier-PA, LLC., ran a stop sign and crashed into another vehicle.

In January of 2026, Plaintiff filed an Amended Civil Action Complaint against Defendants Uber Technologies, Inc., Rasier-PA, LLC. and Paata Khelaia. Plaintiff's Complaint set forth numerous factual details as to the happening of the crash as well as the events leading up to the crash that caused and/or contributed to same. See Plaintiff's Complaint, Exhibit "A."

The matter is ripe for decision.

## III. STANDARD OF REVIEW

Plaintiff incorporates by references the facts and legal arguments set forth in the Response in Opposition to Defendants' Preliminary Objections, as well as that which is set forth throughout Plaintiff's Complaint attached as Exhibit "A," as though same were set forth fully herein.

## IV. LEGAL ARGUMENT

Plaintiff incorporates by references the facts and legal arguments set forth in the Response in Opposition to Defendants' Preliminary Objections, as well as that which is set forth throughout Plaintiff's Complaint attached as Exhibit "A," as though same were set forth fully herein.

## V. CONCLUSION

For the above reasons, Plaintiff respectfully requests this Honorable Court overrule Defendants' Preliminary Objections.

Respectfully submitted,

**MORGAN & MORGAN**

________________________________

ALEXANDER C. HYDER, ESQUIRE
*Lead Trial Counsel for Plaintiff*

# VERIFICATION

I, Alexander C. Hyder, Esquire, being duly sworn according to law, deposes and says that he is the attorney for the Plaintiff in this matter and that the facts set forth in the foregoing Plaintiff's Response to Defendants' Preliminary Objections are true and correct to the best of my knowledge, information, and belief.

This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification of authorities.

**MORGAN & MORGAN**

By:______________________________
Alexander C. Hyder, Esquire

**<u>CERTIFICATION IN ACCORDANCE WITH *Pa.R.C.P. 440*</u>**
**<u>REGARDING SERVICE OF PLAINTIFF'S</u>**
**<u>RESPONSE TO PRELIMINARY OBJECTIONS</u>**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Preliminary Objections will be served in accordance with *Pa.R.C.P. 440* on all parties not served electronically. All other parties will be electronically served by the Court in accordance with *Pa.R.C.P. 205.4(g)*.

**MORGAN & MORGAN**

By:______________________________
Alexander C. Hyder, Esquire
*Attorneys for Plaintiff*

# EXHIBIT "A"

# Exhibit "B"

**Number:** **8.00 (Civ)**

**Title:** **Punitive Damages—General Instructions**

**Revisions:** Instruction, Note—October 2005

**Pages:** 2

**Copyright:** 2020 Pennsylvania Bar Association

---

**If you find that the conduct of the defendant was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the defendant for [his] [her] [their] conduct and to deter the defendant and others from committing similar acts.**

**A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.**

Case ID: 260200158
Control No.: 26030875

**8.10***

**Number:** **8.10 (Civ)**

**Title:** **Punitive Damages Against a Principal**

**Revisions:** Note—April 2018

**Pages:** 2

**Copyright:** 2020 Pennsylvania Bar Association

---

**You may also award punitive damages against *[name of principal]*, if you find that the actions of *[name of agent]:***

***First*, were outrageous;**

***Second*, occurred during and within the scope of *[name of agent]*'s duties; and**

***Third*, were not committed to satisfy *[name of agent]*'s personal ill will or malice, but instead were committed with the intent to further *[name of principal]*'s interests.**

# Exhibit "C"

25050185100056

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **RANDALL SZCZEPANIAK** | : | **Case No. 250501851** |
| **vs.** | : | |
| **UBER TECHNOLOGIES, INC., et al.** | : | **Control No. 25102675** |

**ORDER**

**AND NOW,** this 13th day of November 2025, upon consideration of defendants Uber Technologies, Inc. and Rasier-PA, LLC's preliminary objections to plaintiff Randall Szczepaniak's Second Amended Complaint (SAC), and the response, it is hereby **ORDERED** and **DECREED** that the preliminary objections are **OVERRULED.**

1. The preliminary objection to strike "all allegations of reckless conduct" in plaintiff's SAC is **OVERULED**. Recklessness is a state of mind not an independent cause of action. Thus, Pa.R.Civ.P. 1019(b) allows the plaintiff to plead them generally. ***Monroe v. CBH20, LP***, 286 A.3d 785, 799 (Pa. Super. 2022) (*en banc*); ***Archibald v. Kemble***, 971 A.2d 513, 519 (Pa. Super. 2009) (recklessness, wantonness, wanton, and willful misconduct are states of mind that may be pled generally under Rule 1019(b)).[1]

---

[1] An averment of recklessness is proper on its own, with **or** without a claim for punitive damages. A jury finding of recklessness or wantonness defeats comparative and contributory negligence. ***Johnson v. City of Philadelphia***, 808 A.2d 978 (Pa. Cmwlth 2002) (the trial court erred in instructing the jury to compare the plaintiff's negligence with the defendant's recklessness under the Comparative Negligence Act); ***Summit Fasteners, Inc. v. Harleysville Nat. Bank & Trust Co.,*** 599 A.2d 203, 207–08 (Pa. Super. 1991) (when a defendant acts with reckless disregard to the plaintiff's rights or wanton misconduct, any contributory negligence on the plaintiff's part becomes irrelevant and does not diminish the plaintiff's recovery or the defendant's liability); ***Krivijanski v. Union R. Co.,*** 515 A.2d 933, 936 (Pa. Super. 1986) ("when willful or wanton misconduct is involved, comparative negligence should not be applied"); ***Kasanovich v. George***, 34

2. The preliminary objection to strike ¶¶ 23(e), 23(h), 28(d), 32(e) and 32(h) of Plaintiff's SAC is **OVERRULED**. Rule 1019(b) states, "Malice, intent, *knowledge,* and other conditions of mind may be averred generally." (Emphasis added.) The plain language of that rule indicates that a party may generally aver *knowledge*, intent, and other states of mind. ***Monroe v. CBH20, LP***, 286 A.3d 785, 798 (Pa. Super. 2022) (*en banc*).

3. Defendants Uber Technologies, Inc. and Rasier-PA, LLC are hereby **ORDERED** to file answers to the plaintiff's SAC within twenty (20) days of the entry of this order on the docket.

**BY THE COURT:**

**LEVIN, J.**

A.2d 523, 525 (Pa. 1943) ("contributory negligence is not a defense to an action for injury caused by reckless or wanton misconduct on the part of the defendant").



Case ID: 260200158
Control No.: 26030875

# Exhibit "D"

PROTHONOTARY LUZERNE COUNTY
FILED DEC 22 '23 AM 9:12

| | | |
|---|---|---|
| CHARLES ENGLISH and ELIZABETH ENGLISH, h/w, | : | COURT OF COMMON PLEAS |
| Plaintiffs | : | LUZERNE COUNTY |
| v. | : | No. 2021-04237 |
| FRALEY & SCHILLING, INC and CHRISTOPHER CHILDS | : | |
| Defendants | : | |

## VERDICT SLIP

1. What amount of punitive damages, if any, do you award against Fraley based on its direct liability, if any, to Plaintiff (i.e., punitive damages based on Fraley's own conduct)? $500,000.00

2. What amount of punitive damages, if any, do you award against Fraley based on its vicarious liability, if any, for Christopher Childs's conduct (i.e., punitive damages against Fraley & Schilling, Inc based on Mr. Childs's conduct)? $300,000.00

Kelly Nowak
Foreperson

12-21-23
Date

Case ID: 260200158
Control No.: 26030875

| | |
|---|---|
| CHARLES ENGLISH and<br>ELIZABETH ENGLISH, H/W<br>PLAINTIFFS | : IN THE COURT OF COMMON PLEAS<br>: LUZERNE COUNTY, PENNSYLVANIA<br>: |
| v. | :<br>: CIVIL ACTION – LAW<br>: |
| FRALEY & SCHILLING, INC. and<br>CHRISTOPHER CHILDS,<br>DEFENDANTS | : JURY TRIAL DEMANDED<br>:<br>: NO. 2021-04237 |

**VERDICT SLIP**

**Question 1:**

Was Defendant Childs negligent? Please answer:

Yes ✓

No _____

If you answer Question 1 "Yes," go to Question 2.

If you answer Question 1 "No," Plaintiffs cannot recover, you should not answer any more questions, and the Foreperson should sign on the last page and you should tell the court officer that you have reached a verdict.

**Question 2:**

Was Defendant Childs's negligence a factual cause in bringing about harm to the Plaintiffs?

Yes ✓

No _____

If you answered "Yes," go on to Question 3.

If you answered "No," Plaintiffs cannot recover, you should not answer any more questions, and the Foreperson should sign on the

last page and you should tell the court officer that you have reached a verdict.

**Question 3:**

Was Fraley & Schilling, Inc. negligent?

Yes ✓

No _____

If you answered "Yes," go to Question 4.

If you answered "No," go to Question 5.

**Question 4:**

Was Fraley & Schilling, Inc.'s negligence a factual cause in bringing about harm to the Plaintiffs?

Yes ✓

No _____

If the answer is no, go to question number 5. If the answer is yes, go to question number 5.

**Question 5:**

State the amount of damages, if any, sustained by Plaintiffs as a result of the accident for:

1. past medical expenses $41,936.85
2. future medical expenses $161,036.00
3. past lost wages $ 79,425.35
4. past, present, and future pain and suffering $ 500,000.00
5. loss of enjoyment of life $ 500,000.00
6. loss of consortium $ 500,000.00

After answering Question 5, go to Question 6

**Question 6:**

Was Defendant Childs's conduct reckless?

Yes ✓

No ____

If you answered "Yes," go to Question 7.

If you answered "No," please go to Question ~~7~~ 8. K.T.

**Question 7:**

Was Defendant Child's reckless conduct a factual cause of the accident?

Yes ✓

No ____

Please proceed to Question 8 only if you answered "Yes" to Question 4. If so, advise the court officer you have reached a verdict.

**Question 8:**

Was Fraley & Schilling Inc.'s conduct reckless?

Yes ✓

No _____

If you answered "Yes," go to Question 9.

If you answered "No," please do not answer Question 9.

**Question 9:**

Was Defendant Fraley & Schilling Inc.'s reckless conduct a factual cause of the accident?

Yes ✓

No _____

Advise the court officer that you have reached a verdict.

Kelly Morosh
FOREPERSON

12-21-23
DATE

Case ID: 260200158
Control No.: 26030875

In The Court of Common Pleas
Civil Division
Luzerne County

Charles English & Elizabeth English — Plaintiff

Hyder | Boylan | Kudlitys — Plaintiff(s) Counsel

vs.

Fraley & Schilling, Inc and Christopher Childs — Defendant(s)

Geduldig | McGuirel | Hersperger | Custer — Defense Counsel

Tried Before The Honorable Gelb

2021-04237 — Case Number(s)

NM — Official Court Reporter

AW — Clerk

1. Nicholas A Eroh
2. Michael J Bestider
3. Bernard C Rachilla
4. Joshua M Svetz
5. Eugene J Ross
6. Richard A Jimenez
7. Jason A Homschek
8. Kelly L Noroski
9. Nikki L Marsh
10. Charles E Mangum
11. Nancy L Casagrande
12. Susan E Kleim

Alternates
1. Connor J Conley
2. Edward Muhnisky
3.
4.

12/18/23 — Jury Sworn Date

2:33pm — Time

# COURT OF COMMON PLEAS LUZERNE COUNTY

Charles English and Elizabeth English
PLAINTIFF / COMM

VS

Fraley + Schilling, Inc and Christopher Childs
DEFENDANT

NO. 2021-04237

TRIED BEFORE HON. Judge Gelb

TRIAL DATE 12-18-23

Hyder/Boylan/Ruaitas
PLTF ATTY

Geduldig/McGuire/Hersberger/Custer
DEFT ATTY

12/18/23
PANEL 121823 01 10:10am

| Number | Name | Comm/Pltf | Defendant | Challenge |
|---|---|---|---|---|
| | 1 JAMES R FOWLER | | | C |
| | 2 KEVIN SYPNIEWSKI | | D1 | |
| | 3 NICHOLAS A EROH (1) | | | |
| | 4 MICHAEL J BESTIDER (2) | | | |
| | 5 BERNARD C RACHILLA (3) | | | |
| | 6 AGUSTIN SOSAGONZALEZ | | | C |
| | 7 PAUL J LUKAS | P4 | | |
| | 8 MICHAEL STRUZZIERI | | | C |
| | 9 ANDREW A LUZETSKI | | | C |
| | 10 JOSHUA M SVETZ (4) | | | |
| | 11 BOBBIE L TONDORA | | | C |
| | 12 EUGENE J ROSS (5) | | | |
| | 13 DEBORAH A BARTON | | | C |
| | 14 JOHN J WAGLAWSKI | | | C |
| | 15 RICHARD L BRESTOWSKI | | D4 | |
| | 16 RICHARD A JIMENEZ (6) | | | |
| | 17 JASON A HOMSCHEK (7) | | | |
| | 18 KELLY L NOROSKI (8) | | | |
| | 19 ALBERTO GARCIA | | | C |
| | 20 MATT STEPHEN GIMMER | P1 | | |
| | 21 DARREN J DIXON | P2 | | |
| | 22 DANIEL W MOCK | P3 | | |
| | 23 BRIAN G VENDEL 15 | | | C |
| | 24 THOMAS L BURNS | | D2 | |
| | 25 NIKKI L MARSH (9) | | | |
| | 26 DEAN JOSEPH LATORRE | | D3 | |
| | 27 CHARLES E MANGUM (10) | | | |
| | 28 NANCY LOUISE CASAGRANDE (11) | | | |
| | 29 SUSAN E KLEIN (12) | | | |

| Number | Name | Comm/Pltf | Defendant | Challenge |
|---|---|---|---|---|
| | ~~30 CHRISTINA MARIE YUCAS~~ | | | C |
| | ~~31 ANDREW CHARLES REINA~~ | P5 | | |
| | ~~32 GREGORY R RAYKOVITZ~~ | | D5 | |
| | 33 CONNOR J CONLEY A1 | | | |
| | ~~34 PAUL MEHL~~ | | excused | ill |
| | 35 EDWARD MUHNISKY A2 | | | |
| | 36 DAVID A PROBST | | | |
| | 37 GEORGE M LOPRESTO | | | |
| | 38 NISHA SHRESTHA | | | |
| | 39 MATTHEW CONSIDINE | | | |
| | 40 JENNIFER E YOST | | | |
| | 41 JESSICA LYNN BEDFORD | | | |
| | 42 OSCAR E VASQUEZ COLON | | | |
| | 43 THOMAS F FUCCILE | | | |
| | 44 JANELLE LYNN KOZLOWSKI | | | |
| | 45 SHELLEY LYNN BRUTOSKY | | | |
| | 46 JOSEPH W MCTAGUE | | | |
| | 47 NATALYA V TIKHTOVA | | | |
| | ~~48 JAMES FRANCIS CIANFICHI~~ | | | C |
| | ~~49 EMILY A PEREZ-AVALO~~ | | | C |
| | 50 ANDREW J GURZLER | | | |

NM
STENOGRAPHER

AW
CLERK

Case ID: 260200158
Control No.: 26030875

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**
By: Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
Marissa E. Hill, Esquire
Atty. ID No. 320787 / 329596 / 333138
2000 Market St, Suite 1300
Philadelphia, PA 19103
T: (215) 825-2646 F: (215) 564-7699
Email: Elyse.cohen@wglaw.com
Ahmad.awadalla@wglaw.com
Marissa.hill@wglaw.com

*Attorneys for Defendants: Uber Technologies, Inc. and Rasier-PA, LLC*

Filed and Attested by the
Office of Judicial Records
10 MAR 2026 01:55 pm
S. GILLIAM

| | | |
|---|---|---|
| MARTINA HARLEY-MOORE, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | |
| v. | : | FEBRUARY TERM, 2026 |
| | : | |
| UBER TECHNOLOGIES, INC. and | : | NO.00158 |
| RASIER-PA, LLC and | : | |
| PAATA KHELAIA | : | |
| | : | |
| Defendants. | : | |

**PRAECIPE TO SUBSTITUTE VERIFICATION**

TO THE OFFICE OF JUDICIAL RECORDS:

Please substitute the attached Verification of Paul Picinich for the attorney Verification of Elyse N. Cohen, Esquire, which was attached to the Answer with New Matter of Defendants, Uber Technologies, Inc. and Rasier-PA, LLC, to Plaintiff's Complaint. Said pleading was filed of record on March 3, 2026.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY**

Date: March 10, 2026

BY: /s/ Elyse N. Cohen
Elyse N. Cohen, ESQUIRE
*Attorneys for Defendants, Uber Technologies, Inc. and Rasier-PA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing Praecipe to Substitute Verification was electronically filed and served on all counsel of record via the Court's Electronic Filing System and/or on unrepresented party by way of electronic mail or U.S. Mail, postage pre-paid on March 10, 2026.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY**

BY: /s/ Elyse N. Cohen
ELYSE N. COHEN, ESQUIRE

# EXHIBIT "A"

| | | |
|---|---|---|
| MARTINA HARLEY-MOORE, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| v. | : | FEBRUARY TERM |
| | : | |
| | : | |
| UBER TECHNOLOGIES, INC. and RASIER-PA, LLC, and PAATA KHELAIA | : | NO. 00158 |
| | : | |
| | : | |
| | : | |
| Defendants. | | |

## VERIFICATION

Paul Picinich hereby states that s/he is an authorized representative for Defendants, Uber Technologies, Inc. and Rasier-PA, LLC; that while s/he does not have personal knowledge of all the facts recited in the foregoing Answer with New Matter, the information contained therein has been collected and made available to her/him by others and said Answer is true and correct to the best of her/his knowledge and belief; and is therefore verified on behalf of Defendants, Uber Technologies, Inc. and Rasier-PA, LLC, in connection with this litigation. The undersigned makes this Verification subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: March 6, 2026

By: Paul Picinich
Uber Technologies, Inc. and Rasier-PA, LLC

# EXHIBIT "D"

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**
By: Elyse N. Cohen, Esquire
Ahmad M. Awadalla, Esquire
Marissa E. Hill, Esquire
Atty. ID No. 320787 / 329596 / 333138
2000 Market St, Suite 1300
Philadelphia, PA 19103
T: (215) 825-2646 F: (215) 564-7699
Email: Elyse.cohen@wglaw.com
Ahmad.awadalla@wglaw.com
Marissa.hill@wglaw.com

*Attorneys for Defendants: Uber Technologies, Inc. and Rasier-PA, LLC*

| | | |
|---|---|---|
| MARTINA HARLEY-MOORE, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | |
| v. | : | FEBRUARY TERM, 2026 |
| | : | |
| UBER TECHNOLOGIES, INC. and RASIER-PA, LLC and PAATA KHELAIA | : | NO.00158 |
| | : | |
| Defendants. | : | |

**PRAECIPE TO FILE NOTICE OF REMOVAL**

TO THE OFFICE OF JUDICIAL RECORDS:

As provided under 28 U.S.C. § 1446(d), please file the attached time-stamped copy of the Notice of Removal of Defendants, Uber Technologies, Inc. and Rasier-PA, LLC, which was filed in the United States District Court for the Eastern District of Pennsylvania on ___________, and transfer all pleadings and other filed documents to the United States District Court for the Eastern District of Pennsylvania, with reference to the new docket number, ________.

A time stamped copy of the Notice of Removal is appended as Exhibit "A."

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY**

Date: _____________

By: /s/ Elyse N. Cohen
Elyse N. Cohen, Esquire
Attorney for Defendants,
*Uber Technologies, Inc. and Rasier-PA, LLC*